IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD DAVID CRUISE, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO. 1:18-cv-294-TM-N |
| MEDICAL CLINIC OF MOBILE JAIL, | ) |
| Defendant. | ) |

## **ORDER**

On October 16, 2018, the magistrate judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and failure to comply with the court's orders. *See* Doc. 8. Plaintiff filed a document that does not contain specific objections, but the Court addresses them nonetheless and considers the document in conjunction with the report and recommendation. *See* Doc. 9.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil*, 715 F. App'x at 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been

forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Plaintiff was provided numerous opportunities to respond to the Court's order to file a new § 1983 complaint. This included a *sua sponte* extension with cautionary language on the failure to respond. *See* Doc. 6.

The Court notes that Plaintiff filed a document with handwritten notes on the Report and Recommendation. *See* Doc. 9. In the document Plaintiff states "I'm finished repeating my efforts trying to keep this lawsuit from dying, too;" "extension was received by petitioner Sept. 28, 2018;" and "Voila, to you, Be on guard, My filing cabinet begins." *Id*. at 1. He further continues with "You think you have devised a conspiracy with your clerk which will excuse you from doing your job;" and "Your pretense at showing good faith can be tracked and verified." *Id*. at 2. Finally, he states

> O.K. I filed a letter describing exactly what I wanted to the clerk 7-7-2018. She purposely sent me the wrong form. That simply act then permits the magistrate to set her own timeline which (from beging [sic] to end) sets her own deadline (by law) which was past [sic] by the time I got it & shorting [sic] the lawful statute of limitations. Only once to file within a lawful range requiring copies (before cancelation) was 10 days. You can't get copies made on this compound. Anyway you say "Cruise is cautioned this is his last chance." To provide copies. "Or case will be dismissed without prejudice. Now cite me some more law. Better yet, go back and read the ones you cited.

*Id*. at 3. Even reviewing the most recent filing, none of the statements constitute a proper objection to the report and recommendation. Even considering those statements, none of them remedy the deficiencies noted by the magistrate judge.

Plaintiff still has not submitted a complaint on the proper § 1983 form and the Court adequately warned Plaintiff of the consequences of not responding. Even taking true his statement that he received the order on Sept. 28, 2018 and yet he still did not file any documents with the court until after the report and recommendation and even then he does not seek to remedy the

deficiency, but makes unsupported allegations of conspiracy.

Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Accordingly, the Report and Recommendation of the Magistrate Judge is A**DOPTED** and this action is hereby **DISMISSED without prejudice** for failure to prosecute and to obey the Court's order.

**DONE** and **ORDERED** this 30th day of November, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE